IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EVAAN HERRELL, <br> TRACIE HERRELL, and <br> AETHANN HERRELL, <br> <br> Movants, <br> <br> v. <br> <br> UNITED STATES, <br> <br> Respondent | Nos. 3:18-MJ-2229-TAV-HBG <br> 3:18-MJ-2231-TAV-HBG <br> 3:18-MJ-2232-TAV-HBG |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Return Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g) [Doc. 6],[1] filed by Dr. Evann Herrell, Mrs. Tracie Herrell, and Mr. Aethann Herrell ("the Movants") on March 1, 2019, and referred [Doc. 12] to the undersigned on March 15, 2019. The Movants seek the return of all property seized during the execution of search and seizure warrants on December 13, 2018. Specifically, they seek the return of $106,243.87, a 2014 Jeep Wrangler Rubicon, and a 2015 Dodge Ram 3500. The Movants seek the return of these items under Rule 41(g) of the Federal Rules of Criminal Procedure, the Court's general equity jurisdiction, and the due process of law. They also request that the Government disclose to counsel the affidavits in support of the search and seizure warrants.

The Government responded [Doc. 11] in opposition on March 29, 2019, arguing that the Court lacks jurisdiction to rule on this dispute, because the property at issue is the subject of a civil forfeiture action in the Eastern District of Kentucky and because no criminal proceedings have been instituted in this district. The Government also argued that the Movants are not entitled

---

[1] All citations are to case number 3:18-MJ-2229, unless otherwise noted.

1

to disclosure of the affidavits, which should remain under seal to avoid compromising the ongoing investigation.

The Movants filed a reply [Doc. 13], contending a motion for return of property under Rule 41(g) is the only remedy available to him, because the civil forfeiture proceeding is sealed and they have not been served with the complaint.

On April 15, 2019, the undersigned held a hearing on the instant motion for return of property and similar motions for the return of seized property by other movants.[2] During that hearing, the Government argued that the Court has no jurisdiction under Rule 41(g), while a civil forfeiture case is pending in the Eastern District of Kentucky. The Government acknowledged that the civil forfeiture case was presently sealed and stayed. On April 30, 2019, the Government filed a Notice that the Eastern District of Kentucky partially unsealed that matter, case number 6:18-cv-315, to permit the complaint to be disclosed to the Court and the Movants' attorneys [Doc. 17]. The Movants replied [Doc. 18] that the copy of the complaint changes nothing, because they still have no information and no recourse. They argued [Docs. 15-1 & 18] that the sealed and stayed civil forfeiture proceedings do not provide an adequate remedy.[3]

The Court held this matter under advisement, pending the litigation of the civil forfeiture action in the Eastern District of Kentucky. On May 30, 2019, the Movants filed verified claims in the civil forfeiture proceeding for the property that is the subject of the instant seizure

---

[2] Dr. Robert Taylor filed an Emergency Motion for Return of Seized Property in case numbers 3:18-MJ-2204, 3:18-MJ-2207, 3:18-CR-2208, 3:18-CR-2210, 3:18-MJ-2212, 3:18-MJ-2214, 3:18-MJ-2217, and 3:18-MJ-2254. Dr. Mark Grenkoski filed a Motion to Return Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g) in case numbers 3:18-MJ-2206 and 3:18-MJ-2233. Dr. Eva Misra filed a Motion to Return Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g) in case numbers 3:18-MJ-2240, 3:18-MJ-2241, and 3:18-MJ-2246.

[3] Movants' Motion to Adopt Robert E. Taylor's Supplemental Reply [**Doc. 15**] is **GRANTED**.

warrants [Doc. 6:18-cv-315, Docs. 21 & 22]. The court in the civil forfeiture action permitted extensions of the stay[4] on the civil forfeiture proceedings, over the objections of the claimants, finding civil discovery would adversely affect the related criminal investigation [6:18-cv-315, Docs. 68,[5] 76, 98, 133 & 143]. The court repeatedly found that the continued stay of the proceedings did not violate the claimants' due process rights [6:18-cv-315, Docs. 98, 133, & 143]. On March 4, 2021, a federal grand jury returned an Indictment in the Eastern District of Kentucky, case number 6:21-cr-13-GFVT-HAI, against eleven individuals, including Dr. Evann Herrell. The Indictment contains forfeiture allegations for the forfeiture of the two vehicles and the bank account seized pursuant to the seizure warrants in the instant case [6:21-cr-13, Doc. 1]. The criminal case is currently set for trial on March 14, 2022 [6:21-cr-13, Doc. 172]. The court in the civil forfeiture action has extended the stay of the civil forfeiture proceedings, ordering that the stay will expire within thirty days of the completion of the trial in the related criminal case [6:18-cv-315, Doc. 181].

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return" in the district where the property was seized. However, "[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use [Federal] Rule [of Criminal Procedure] 41[(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings."[6] *United*

---

[4] On August 8, 2019, the court vacated the *ex parte* stay originally granted at the Government's request but imposed a provisional stay pending the Government's filing of a motion to renew the stay [6:18-cv-315, Doc. 29].

[5] The court found that initiation of the instant civil forfeiture proceedings forecloses relief under Rule 41(g) [6:18-cv-315, Doc. 68, pp.5-6]. *See United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999).

[6] The court cited to section (e), which is the predecessor to (g).

3

*States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir. 1999) (citing *Shaw v. United States*, 891 F.2d 602, 603-04 (6th Cir. 1989)). In *Shaw v. United States*, our appellate court upheld the denial of a motion for return of property under Rule 41(g) (then (e)), holding the equitable remedy provide by Rule 41(g) was not available to the movant, because she had a specific remedy at law in the civil forfeiture proceedings. 891 F.2d 602, 603-04 (6th Cir. 1989). In this case, the movants may and have availed themselves of the statutory remedies in the civil forfeiture proceedings in the Eastern District of Kentucky, although that case remains stayed at this time. Moreover, Rule 41(h) relates that a "defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides." Fed. R. Crim. P. 41(h). Thus, Dr. Evann Herrell may challenge the propriety of the seizure warrants in his criminal case in the Eastern District of Kentucky.[7]

The Court finds that challenges to the seizure of the property that is the subject of the above seizure warrants are appropriately brought in the Eastern District of Kentucky. Accordingly, the Motion to Return Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g) [**Doc. 6**] is **DENIED**, without prejudice to refile, if appropriate in the future. The Clerk of Court is **DIRECTED** to file this Order in each of the above miscellaneous case numbers and to email a copy of this Order to counsel for the Movants and the Government.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[7] The court in the Kentucky criminal case denied a motion for a change of venue to the Eastern District of Tennessee [6:18-cr-13, Doc. 171].

4